## WALTON *vs.* THE STATE OF GEORGIA.

1. A person was stabbed on Friday night and died on Saturday. On Tuesday the stabber was indicted for murder. On the preceding Monday, in anticipation of the indictment, the presiding judge appointed counsel to represent the defendant; and when it was

found, set the case for trial on Wednesday. On that day, counsel moved for a continuance on the ground that they had not had an opportunity to make due preparation. It appeared that all the witnesses, both for the State and for the accused, were in court. The killing was not denied, but the question was as to the grade of the offence:

*Held,* that the court did not abuse his discretion, in refusing a continuance.

(a) This case differs from that of *Blackman vs. State,* 76 *Ga.* 288, where the defendant was confined in jail in another county, and where the case was an intricate one, depending on circumstantial evidence and requiring further preparation.

2. Where the deceased, directly after being stabbed, stated that he was going to die, and about an hour before his death, on the following day, a physician warned him that there was but one chance in a hundred for his recovery, and asked him if he had any statement to make, this was sufficient to authorize the court to admit the statement then made as to the homicide as a dying declaration, and to submit to the jury whether the deceased was at the time *in articulo mortis* and conscious of his condition.

3. That the court, in passing sentence upon another person, who had been tried and convicted of murder and recommended to mercy by the jury on the day before the trial of the defendant, said, "The court questions very seriously whether, had it been left to the court, you would have gotten off as lightly as you have; I solemnly believe in the divine law which says, 'whoso sheddeth man's blood, by man shall his blood be shed,' and when a plain case of murder is established, without mitigating circumstances, my judgment approves the penalty of death," furnishes no ground for new trial on behalf of the defendant.

4. The charge of the court was fair, impartial and correct, and there was no error in the finding of the jury.

February 18, 1888.

Criminal Law. Murder. Continuance. Dying Declarations. Practice in Supreme Court. Charge of Court. Before Judge JOHN T. CLARKE. Terrell Superior Court. May Term, 1887.

The bill of exceptions in this case contains the following statement in reference to the motion for a continuance:

"Messrs. Griggs and Hoyl were assigned to the defence on Monday about 3 p. m., and the trial began Wednesday at 9 a. m. The bill was

brought in Tuesday morning. The court announced to counsel, as soon as appointed, that they might have private consultation with the prisoner at any time. The prisoner was kept in the court-room all Monday afternoon and all of Tuesday. The trial of Jack Tyson began Tuesday morning at 9 o'clock; it ended about 3 p. m. the same day. As soon as Tyson's case ended, Walton's case was called for trial, when counsel requested till morning, and the court set the case for the first on Wednesday. Upon reaching it on Wednesday, the motion for continuance for the term was made, on the general ground that the bill had been so recently found, and that counsel did not feel prepared. It was not then stated to the court that consultation had not taken place with defendant, nor did they ask for further time to consult with him. One of the counsel, who led in prosecuting the motion, spoke more of a personal disinclination to be burdened with the defence. The court inquired if all of the witnesses for defendant were present, and it was admitted that they were."

G. W. Warwick; J. M. Griggs; L. C. Hoyl, by J. G. Parks and J. H. Lumpkin, for plaintiff in error.

Clifford Anderson, attorney-general, by brief; J. H. Guerry, solicitor-general, for the State.

Blandford, Justice.

Walton was indicted, tried, convicted and sentenced to be hanged for the crime of murder, in the county of Terrell. He moved for a new trial on several grounds; the motion was overruled, and he excepted. The 1st, 2d and 3d grounds of the motion for new trial are the usual grounds, that the verdict is contrary to law and to the evidence. The 4th ground is, that the court erred in not granting a continuance of the case, counsel for the defendant having stated that they were not prepared for trial, not having had an opportunity to look into the case and make due preparation. The crime was committed on Friday night, the deceased died on Saturday, and the bill of indictment was returned into court on the Tuesday following, counsel having been assigned to the defendant on Monday morning. The court set the case for the following Wednesday, and on Wednesday it was called for trial-

and counsel for the defendant moved to continue. The motion was overruled and the case proceeded to trial.

1. There was nothing peculiar in the facts of this case to require further time for preparation on the part of counsel for the accused. It affirmatively appears that all of the witnesses, both for the State and for the defendant, were present in court, although the defendant introduced no witnesses. The killing was admitted; and it was either murder or manslaughter; the jury found it to be murder, and we think that their finding was right. We do not see that the court erred in refusing to continue the case. This case differs from *Blackman vs. The State*, 76 *Ga.* 288, cited by counsel for the plaintiff in error. In that case the defendant was in jail in an adjoining county, and his counsel, who had been assigned to him on Tuesday, were unable to confer with him until the evening before the trial on Friday; besides, it was an intricate case, depending on circumstantial evidence; and we thought it required further preparation on the part of counsel to defend; hence we deemed it proper to grant a new trial.

The case of *Moody vs. the State*, 54 *Ga.* 660, is much stronger than the present case. There counsel moved to continue for want of preparation, and the motion was much better fortified than in this case, but the court below overruled the motion, and this court held that the court below was right; that is to say, that its discretion would not be interfered with in overruling the motion; because the judge below was upon the ground, and knew the duties counsel had to perform and had been performing in the court, and could better judge of the merit of the application than this court could.

2. The 5th ground of the motion for a new trial is, that the court erred in admitting the dying declarations of the deceased, made under these circumstances: A physician visited the deceased a short time prior to his death, and warned him that there was but one chance in a hundred

for his recovery, and asked him if he had any statement to make, upon which he made a statement as to who cut him, and how it took place. Another witness testified that directly after the deceased was stabbed, he stated that he was going to die. Within an hour after this declaration to the physician, the deceased died. The court allowed this declaration to go to the jury, leaving it to the jury to consider whether the deceased was at that time *in articulo mortis* and conscious of his condition. We do not think this was error. Whether the deceased was conscious of his condition or not, was a question of fact to be finally determined by the jury, and it had only to appear *prima facie* to the court; it need only appear to the court from the circumstances of the case that there was a probability that the deceased was conscious of his condition at the time he made the statement, and was *in articulo mortis*, to authorize him to pass it to the jury with proper instructions on the subject.

3. Another ground of the motion is, that the judge in the court below, while passing sentence upon another person, who had been tried and convicted of murder on the day before the trial of this defendant and found guilty, with a recommendation to mercy, said to that person in presence of the jurors who had been summoned for the term : "The court questions very seriously whether, had it been left to the court, you would have gotten off as lightly as you have. I solemnly believe in the divine law which says, ' whoso sheddeth man's blood by man shall his blood be shed;' and when a plain case of murder is established without mitigating circumstances, my judgment approves of the penalty of death." We do not think this exception is a subject-matter of review by this court. The judge had charge of the administration of public justice in that county, and he had a right to the opinions expressed and to express them as he did. The jury might or might not agree with him. We think the judge in this case would have

been authorized in refusing to certify this ground of exception. It had nothing to do with this case. If he acted improperly, he was amenable to another tribunal.

4. The next ground is, that the charge of the court was against the accused. We have carefully looked into the charge, and find that it is fair and impartial, and a correct exposition of the law as applicable to the case. It is against the accused, because, unfortunately for him, the law is against him in this case.

The record shows no error in the finding of the jury or the rulings of the court; and the judgment is affirmed.