30251. SUTTON *v.* THE STATE.

MacINTYRE, J. 1. "The showing for continuance was complete, except that it failed to show that the same was not for delay, but to procure the attendance of the witness at the next term. This was material, and the court could well refuse the continuance for this reason." *Boggess* v. *Lowrey,* 78 *Ga.* 353.

2. "A showing for a continuance upon the ground of the absence of a witness, is insufficient if it omits to state that the application is not made for the purpose of delay [even though the accused, as shown by the record, testified that the witness was not absent by my consent directly or indirectly and I expect to have him here at the next term of this court]." *Newsome* v. *State,* 61 *Ga.* 481.

3. "While others might testify that the witness has been subpœnaed, and as to the materiality of his testimony, defendant alone can testify whether the witness is absent by his procurement or consent, or that the motion is not made for the purpose of delay only." *Fogarty* v. *State,* 80 *Ga.* 450 (1-*a*) (5 S. E. 782). There are some exceptions to this rule; to illustrate: Where the defendant is insane at the time of the motion. See *Jarrett* v. *State,* 41 *Ga. App.* 838 (155 S. E. 49).

4. Irrespective of the showing against the continuance of the case on the ground of an absent witness, as it unfolded on the hearing of the motion, the showing was insufficient, in that it was not shown that the application was not made for the purpose of delay only. Code, § 81-1410; *Cobb* v. *State,* 110 *Ga.* 314 (35 S. E. 178).

5. The evidence warranted the verdict, and there was no error in overruling the motion for a new trial.

Judgment affirmed. *Broyles, C. J., and Gardner, J., concur.*

DECIDED JANUARY 7, 1944.

*Reuben A. Garland,* for plaintiff in error. *John A. Boykin,* solicitor-general, *Durwood T. Pye, J. R. Parham,* contra.