31898. GOLDEN *v.* THE STATE.

Decided April 16, 1948.

*A. S. Dodd Jr.,* for plaintiff in error.
*Fred T. Lanier, Solicitor-General,* contra.

MacIntyre, P. J. Counsel for the defendant excepts to the judgment of the trial court overruling his motion for a new trial on the general grounds and on two special grounds: first, that the court erred in refusing to grant a continuance because counsel had not had sufficient time to properly prepare his case; and second, that the court erred in refusing to grant a continuance because of the absence of two material witnesses.

■ "The time to be allowed counsel to prepare for trial is in the sound discretion of the trial judge, which discretion will not be interfered with by this court, unless abused." *Charlon* v. *State*, 106 *Ga.* 400 (32 S. E. 347). Where counsel makes a motion for a continuance because he has not had time to investigate and prepare the defense, where the only reason given was that he wished to prove a named fact by two witnesses whose whereabouts was unknown, where the State offered to admit as a fact what counsel said he expected to prove by such witnesses and did on the trial admit such facts, and where there is an absence of anything in the record to suggest special intricacies or complications in the client's case, the statement of counsel that he did not have time to prepare the defense is a mere conclusion unsupported by the statement of evidentiary facts in the case, and this court will not set aside as error the judgment of the trial judge in refusing to grant the continuance on this ground, since he is in a position to exercise a wise, just, and enlightened discretion by virtue of his being on the ground and in a better position to judge the merits of the application than is this court. *Moody* v. *State*, 54 *Ga.* 660; *Walton* v. *State*, 79 *Ga.* 446 (5 S. E. 203); *Kell* v. *State*, 188 *Ga.* 670 (4 S. E. 2d, 596); *Cannady* v. *State*, 190 *Ga.* 227, 228 (9 S. E. 2d, 241); *Stanford* v. *State*, 201 *Ga.* 173, 185 (38 S. E. 2d, 823).

■ A motion for continuance on the ground of the absence of witnesses must be made substantially in accordance with the provisions of Code § 81-1410. See *Mell* v. *State*, 69 *Ga. App.* 302, 306 (25 S. E. 2d, 142). Where a motion for continuance was made on the grounds of the absence of witnesses, where no evidence was offered to support the motion, where the client did not participate in offering evidence to support the motion, where no expectation of being able to procure the witnesses' attendance at the next term of court was shown, where there was no statement made that the witnesses were not absent with the consent of the client, where there was no statement made that the motion was not made for the purpose of delay, and where the facts expected to be proved by the witnesses were admitted by the State, the trial judge was clearly right in overruling the motion for a continuance as to this ground. *Moody* v. *State*, 54

*Ga.* 660 (2) ; *Mell* v. *State,* supra; *Sutton* v. *State,* 70 *Ga. App.* 499 (28 S. E. 2d, 663).

■ Having thus decided that the judge did not err in overruling the motion for a continuance, and after a careful study of the evidence having come to the conclusion that the evidence amply authorized the verdict of conviction for "cow stealing," this court is of the opinion that the judge of the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*