## 32246. DIAZ v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant appeals from his conviction and sentence to life imprisonment for rape and concurring sentences of 20 years and five years for kidnapping and illegal

possession of a firearm during the commission of a felony.

The state presented evidence to show appellant held a gun on Ronald Bryant during the late night and early morning hours of August 7 and 8, 1975, and abducted his girl friend from a park in Forsyth County on Lake Lanier. Appellant intimidated the victims with his gun, firing it into the ground at the scene of the abduction when the girl friend refused to go with him, and later using it to force her to have intercourse with him. Following the rape, he released her in the vicinity of the park. Alerted to the abduction, Deputy Bennett found the victim shortly after her release running along the road near where she was abducted. She told officers she had been kidnapped and described appellant, the car he had been driving—a silver stationwagon—and advised them to be careful, the appellant had a gun. At this time, they were joined by the victim's aunt and her boyfriend who took her home. There, she told deputies she had been raped. The victim's aunt recognized the description of the man and car as that of a man who lived nearby. Deputies went to the address she gave to them between three and four a.m., and spotted appellant who fitted the physical description given them by the victim apparently passed out sitting on a sofa in the carport next to a silver Vega stationwagon. Its engine was still warm, and deputies could see a black umbrella on the back seat as described by the victim. Diaz was advised of his Miranda rights and his automobile was impounded and driven to the police station by a deputy. Shortly afterwards, the victim was taken to the station, following an examination by a physician at the hospital, where she gave a complete statement to police. Upon her statement that the gun had been thrust down between the front seat and the front door, police went out to the car and seized the weapon without a warrant.

Officer Satterfield testified no interrogation of appellant occurred for over eight hours following arrest because appellant had been drinking. He was again advised of his Miranda rights prior to questioning and he was told why he was being held. His response to this statement was: "If you say I did, I did," and later, "What will I tell my daughter?" Appellant pled "not guilty" to the

charges. Six errors are assigned.

1. Appellant argues in his first and fourth enumerations that it was error to overrule his motion for new trial and motion for directed verdict on the rape charge because there was a lack of corroboration of the victim's testimony.

This evidence shows the victim was found running along a road in a tearful condition by deputies; that she told them she had been kidnapped and that she described the assailant and his automobile. At that time, her boyfriend and relative arrived and she transferred cars and went home followed by the deputies. Upon arrival, after talking briefly with her boyfriend and his mother, she told deputies she had been raped. This sequence of events comports with the holding of this court that an "outcry" or report of the rape had been made in a timely fashion. "An outcry by the victim is a circumstance which the jury can consider on the question of corroboration." *Riggins v. State,* 226 Ga. 381, 385 (174 SE2d 908) (1970), and cases cited therein. There was no error in overruling the motion for directed verdict and under the facts set forth, ante, the evidence was sufficient to support the verdict.

2. (a) In his sixth enumeration of error, appellant objects to certain portions of the following charge: "Now, as I said, to this indictment, the defendant has entered a plea of not guilty. *His plea of not guilty is not evidence of his innocence.* The allegations of the indictment together with the pleas of not guilty thereon, constitute, formulate and establish the issues which you are called upon to try and by your verdict to determine: namely, whether this defendant, Michael Angel Diaz, is guilty or whether he is innocent of the crimes of kidnapping, rape, and possession of a firearm in the kidnap and rape charges, as set forth in the indictment."

Appellant argues the portion of the charge objected to, italicized ante, is prejudicial, ". . . removing from the jurors' minds said plea of innocence and substituting thereby the thought that no matter what the defendant pled, it would make no difference." We find no error. The statement complained of is taken out of context and when considered with the entire charge is not harmful to

appellant. "A charge, torn to pieces and scattered, in disjointed fragments, may seem objectionable although when put together and considered as a whole, it may be perfectly sound." *Nunnally v. State,* 235 Ga. 693, 702 (221 SE2d 547) (1975); *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975); *Brown v. Matthews,* 79 Ga. 1 (4 SE 13) (1887).

(b) Appellant argues also that the court went too far in the following statement: "There is no issue of death penalty in this case. That has been waived by the state. They're not asking for the death penalty and you won't be concerned with that at all. *I want to make that clear.*" This is not an expression of opinion by the court as to the guilt or innocence of the accused. There is no error.

3. Appellant also assigns error to the court's failure to suppress the gun seized without warrant from the automobile; for permitting the introduction into evidence of statements tending to incriminate him; and for failure of the court reporter to furnish appellant with a complete transcript within a year of the trial. We have carefully considered these enumerations and under the facts of this case, we find no error.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED APRIL 29, 1977 — DECIDED JUNE 28, 1977 — REHEARING DENIED JULY 14, 1977.

*Jane Kent Plaginos,* for appellant.
*C. B. Holcomb, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.