## S98A1186. BRELAND v. THE STATE.
### (504 SE2d 193)

HUNSTEIN, Justice.

David Breland was sentenced to life imprisonment for the murder of Michael Cook.[1] He appeals from the denial of his motion for new trial, asserting only the general grounds. We affirm.

The jury was authorized to find that shortly after Breland was asked to leave a neighborhood convenience store because of his intoxication, a witness saw Breland fire several shots from a handgun at passing cars and then walk into a dark field accompanied by his common law wife, Gloria Cotto. According to Cotto's first statement to the police, Breland and Cotto then encountered victim Michael Cook,

---

[1] The crime occurred on September 14-15, 1996. Breland was indicted December 17, 1996 in DeKalb County on charges of murder and felony murder. Breland was found guilty of both charges and the trial court merged the felony murder into the murder and entered the judgment of conviction and sentence on December 10, 1997. His motion for new trial, filed January 5, 1998, was denied March 19, 1998. A notice of appeal was filed on April 1, 1998 and the appeal was docketed on April 16, 1998. This appeal was submitted for decision without oral argument.

who offered to sell them a beer. Breland took the beer without paying and when Cook attempted to retrieve it, Breland shot him once in the thigh with a Lorcin .380 calibre pistol. Cook fell to the ground and Breland shot the unarmed man three more times, with one shot cutting the victim's aorta and pulmonary artery, causing the victim to bleed to death. Witness Randy Evans, who observed the unprovoked assault and identified Breland as the shooter, contacted the authorities. Police apprehended Breland later that day as he and Cotto were entering a MARTA rail station. A search of Cotto's luggage uncovered a handgun identified by expert testimony as the murder weapon.

In his original statement to police Breland denied any knowledge of the shooting. In subsequent statements made by Breland and Cotto, they stated that Cook attempted to assault them and that Breland shot the victim in self-defense. Cotto so testified at trial.

Whether the circumstances involved in an accused's use of deadly force justified his response is a matter for the jury, *Andrews v. State*, 267 Ga. 473 (1) (480 SE2d 29) (1997), as is the credibility of the witnesses. *Russell v. State*, 267 Ga. 865 (1) (485 SE2d 717) (1997). We find the evidence adduced at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Breland did not act in self-defense in shooting Cook and that he was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*Cynthia A. Price,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Barbara B. Conroy, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.