## S00A1490. CUMMINGS v. THE STATE.
### (544 SE2d 429)

HINES, Justice.

A jury found Reginald M. Cummings guilty of malice murder, felony murder in the commission of aggravated assault, and possession of a firearm during the commission of a crime, in connection with the killing of Alfonzo Williams. He appeals his convictions and we affirm.[1]

Viewed to support the verdicts, the evidence showed that on the night Williams was killed, Cummings was in the company of Brown, Vaughns, Gantt, and others. They got into two cars; Brown drove one, Cummings sat in the front seat, and Gantt in the rear seat. The two cars eventually arrived outside Williams's home. Brown knocked on the door and Williams emerged, went to the first of the cars, and spoke with Cummings. After a few minutes, the conversation ended and Williams went back inside. The cars started to depart, but after traveling only a few feet to a stop sign, Brown and Cummings discussed that Williams "knew too much." Brown then put the car into reverse, blew the horn, and gave a pistol to Gantt, stating that if Gantt did not shoot Williams, Brown would kill Gantt. Williams emerged and Gantt fired several times; from the other car, Vaughns also fired at least once. Williams was fatally struck by at least four bullets but was able to re-enter his home, where he stated: "I can't

---

[1] The crimes occurred on December 29, 1996. On February 11, 1997, a Richmond County grand jury indicted Cummings on charges of malice murder, felony murder in the commission of aggravated assault, and possession of a firearm during the commission of a crime. He was tried before a jury October 14-17, 1997, and found guilty of all charges. He was sentenced to life in prison for malice murder and a consecutive five-year term for possession of a firearm, both sentences to be served consecutively to those received in other prosecutions; the felony murder conviction was vacated by operation of law. See *Malcolm v. State,* 263 Ga. 369, 372 (4) (434 SE2d 479) (1993). Cummings moved for a new trial on November 7, 1997, which was denied on July 29, 1999. He filed his notice of appeal on August 18, 1999, his appeal was docketed in this Court on May 23, 2000, and argued on September 18, 2000.

believe Reggie shot me." He told responding officers that Brown and Cummings were in the front seat of the first car and that the shots had come from the person seated in the rear.

Prior to the shooting, Gantt asked Cummings if the pistol was ready to fire, Cummings examined it, stated that it was, and handed it back to Gantt. Also before the shooting, Cummings and Vaughns stated that Williams told the police about their involvement in the earlier murder of Burris. At the time of that shooting, Williams was heard to say that he "had nothing to do with that." Burris was killed approximately three weeks before Williams was killed, and the police were still investigating the Burris killing at the time. After the Williams shooting, Cummings and Vaughns stated that there was one less "snitch" to worry about.

1. The evidence authorized the jury to conclude that Cummings was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-2-20 & 16-2-21; *Johnson v. State*, 269 Ga. 632, 634 (501 SE2d 815) (1998).

2. The State introduced evidence of Cummings's involvement in Burris's murder, for which Cummings was convicted of aggravated assault. Cummings contends the evidence improperly commented upon his character and was introduced without compliance with Uniform Superior Court Rule ("USCR") 31.3. However, there was evidence that Williams was killed to prevent him from telling the police what he knew about the Burris murder, or in retaliation for having done so, and the evidence of Cummings's involvement in the killing of Burris was not admitted as a similar transaction but as evidence of Cummings's motive to kill Williams. Evidence as to motive is relevant, even though it may incidentally place the defendant's character in issue. *Brady v. State*, 270 Ga. 574, 578 (5) (a) (513 SE2d 199) (1999). As the evidence complained of was evidence of Cummings's motive, notice and a hearing under USCR 31.1 and 31.3 were not necessary. See *Fargason v. State*, 266 Ga. 463, 465 (3) (467 SE2d 551) (1996); *Hull v. State*, 265 Ga. 757 (5) (462 SE2d 596) (1995), overruled on other grounds, *Woods v. State*, 269 Ga. 60, 63 (3) (495 SE2d 282) (1998). The fact that the State filed a notice of intent to introduce evidence of the defendants' convictions in connection with Burris's murder as evidence of "similar transactions and/or prior difficulties" does not preclude the proper admission of the evidence for a different purpose.[2]

3. The court refused Cummings's requested jury charge on con-

---

[2] Cummings contends that in a pre-trial order the court denied the use of the evidence as a similar transaction. No such order appears in the record, but in any event, such an order would not control whether the evidence was otherwise admissible.

spiracy to commit murder as a lesser included crime of malice murder. No such charge was warranted as the evidence established without dispute that the murder of Williams was completed. When the crime has in fact been committed, co-conspirators are guilty as parties to the commission of the crime under OCGA § 16-2-20, and the charge is properly refused. See *Gunter v. State*, 243 Ga. 651, 660 (6) (256 SE2d 341) (1979).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 19, 2001.

*J. Pete Theodocion*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.