S00A1996. GRIER v. THE STATE.

(541 SE2d 369)

</div>

THOMPSON, Justice.

Carlos Dewayne Grier was convicted by a jury of felony murder predicated on the underlying felony of aggravated assault; aggravated assault on other unknown persons; and possession of a firearm in the commission of a felony.[1] On appeal, Grier asserts that the trial court erroneously admitted his custodial statements, and that he was denied effective assistance of trial counsel. Finding no reversible error, we affirm.

Viewing the evidence in a light most favorable to the verdict, we find the following: Grier's girlfriend, Lanissa Wilson, was shot in the head and killed while driving a vehicle occupied by Grier and four other men. Just prior to the shooting, Wilson drove the group to a convenience store to purchase cigars to fill with marijuana. Grier, who was seated in the front passenger seat, left the car to make the purchase. As he got back into the car, a police officer began to approach. The occupants of the vehicle became anxious because they had marijuana and a weapon in their possession. Consequently, Wilson sped away from the convenience store.

At Grier's direction, Wilson turned onto a street which was

---

[1] The crimes occurred on August 5, 1998. An indictment was returned on May 18, 1999, charging Grier with felony murder predicated on the underlying felony of aggravated assault; aggravated assault on other unknown persons; possession of a firearm in the commission of a felony; and possession of a firearm by a convicted felon. The final count was dead-docketed. Trial commenced on August 23, 1999, and a verdict of guilty was returned as to the remaining three counts on August 25, 1999. Grier was sentenced that same day to life imprisonment, plus consecutive sentences totaling 15 years. A motion for new trial was timely filed on September 10, 1999, amended on April 17, 2000, and denied on June 21, 2000. Grier's notice of appeal was filed on July 10, 2000. The case was docketed in this Court on August 22, 2000, and was submitted for decision on briefs on October 16, 2000.

known as the territory of a rival gang. A group of men standing on the street ducked into some bushes when they saw Wilson's car approach. Grier grabbed a semi-automatic pistol from another man in the car, and he fired two shots over the roof of the car from the passenger's side. One bullet went through the roof and then entered the car, fatally striking Wilson in the head. The car crashed into a wall, whereupon the five other occupants fled on foot. The murder weapon, a .45 caliber pistol, was recovered from the passenger side floorboard of the car. It was the only firearm in the vehicle at the time of the shooting.

1. The evidence was sufficient to enable any rational trier of fact to find Grier guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Grier asserts the trial court erred in ruling that his custodial statements were freely and voluntarily made and without the hope of benefit.

At a *Jackson v. Denno*[2] hearing, the State established that Grier was taken into custody on the night of the shooting and was read each of the *Miranda* warnings. He refused to sign a waiver, but instead wrote on the form: "Willing to talk but refuse to sign." He did not ask for an attorney and gave a statement in which he claimed he did not have a weapon. This interview was reduced to a three-page document which Grier signed.

Grier was held for 15 hours. During that time, the other occupants of the car were questioned, leading the officers to conclude that portions of Grier's statement did not appear correct. After reminding Grier of each of his constitutional rights, the investigating detective sought to question him a second time. The detective testified that he made no threats or promises to induce this statement, and that Grier agreed to talk of his own free will. Grier thereafter signed a five-page written statement in which he revealed that his first statement had not been truthful. He also admitted that he had fired a .38 caliber chrome revolver; however, he accused another occupant of the car of firing a .45 caliber pistol.

In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993). Although Grier testified that the detective promised to reduce the charge from felony murder to manslaughter if he changed his statement, the officer testified to

---

[2] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

the contrary. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal. *Vansant v. State*, 264 Ga. 319 (443 SE2d 474) (1994). The trial court was authorized to accept the detective's testimony and reject Grier's self-serving explanation. Considering the totality of the circumstances, the record supports the determination that Grier's statements were freely and voluntarily made and without the promise of leniency.

3. There is no merit to Grier's claim that he is entitled to a new trial because the trial court failed to provide a factual basis on the record for its ruling in the *Jackson v. Denno* hearing.

At the conclusion of that hearing, the court specifically determined that Grier's statements were freely and voluntarily given. In *Berry v. State*, 254 Ga. 101, 104, n. 6 (326 SE2d 748) (1985), this Court stated its preference that a trial court make complete findings of fact in ruling on the admissibility of a defendant's custodial statement. Following a hearing on Grier's motion for new trial, the trial court clarified its earlier ruling consistent with *Berry*, by specifically finding "by a preponderance of the evidence that . . . Grier was advised of each of his *Miranda* rights, that he understood them, that he voluntarily waived them, and that he thereafter gave his statements freely and voluntarily without any hope of benefit or fear of injury." Thus, any deficiency in the initial ruling was cured, obviating the need for remand. Compare *Berry*, supra (remand for further findings was required where the court did not specifically address a point in controversy — defendant's claim that he had invoked the right to counsel).

4. Grier claims that he was denied effective assistance of trial counsel under the standard of *Strickland v. Washington*.[3] To establish a constitutional deprivation of the right to counsel, appellant has the burden of showing that counsel's performance was deficient and that the deficient performance prejudiced the defense by creating a reasonable probability that but for counsel's errors, the outcome of the trial would have been different. *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997). An appellate court evaluates counsel's performance from counsel's perspective at the time of trial. Id. As a general rule, matters of reasonable tactics and strategy, "whether 'wise or unwise,' [do] not amount to ineffective assistance of counsel." *Berry v. State*, 267 Ga. 476, 482 (4) (i) (480 SE2d 32) (1997).

Grier claims his trial counsel was ineffective in two respects. First, he points to counsel's failure to object to the introduction of two

---

[3] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

staged photographs demonstrating the trajectory of the fatal bullet. An investigator from the state crime lab testified that a test was made to determine whether one could shoot through the roof of the car while sitting in the front passenger seat; and that the photographs were taken to illustrate the viability of that theory.

Trial counsel explained at the hearing on the motion for new trial that the crime lab investigator had devised a theory and he staged the photographs in order to prove this theory. Counsel testified that he did not object to the admissibility of the photographs because he did "not put much stock in them." Moreover, counsel utilized the photographs on cross-examination by attempting to show that the test was faulty. We view this as a reasonable tactical decision to use the photographs to discredit the State's theory. Furthermore, such demonstrative aides are not necessarily inadmissible. See *Veal v. State*, 242 Ga. App. 873 (4) (531 SE2d 422) (2000); *Eiland v. State*, 130 Ga. App. 428 (1) (203 SE2d 619) (1973).

Next, Grier asserts that counsel was defective in failing to object to the repetition of a jury instruction on aggravated assault and transferred intent. "Mere repetition of a correct and applicable principle of law is not such error as requires reversal unless it takes color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury." (Punctuation omitted.) *Hill v. State*, 207 Ga. App. 65, 67 (4) (426 SE2d 915) (1993). See also *Patterson v. State*, 207 Ga. 357 (2) (61 SE2d 462) (1950). Our review of the jury instruction as a whole convinces us that the charges on aggravated assault and transferred intent were not so unduly emphasized as to result in an unfair statement of the law tending to prejudice the jury.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2001.

*William D. Phillips*, for appellant.

*Charles S. Weston, District Attorney, Dorothy A. Vinson, Elizabeth K. Bobbitt, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.