## S01A1691. WRIGHT v. THE STATE.
(559 SE2d 437)

THOMPSON, Justice.

A jury found Melissa Wright guilty of malice murder and felony murder in the shooting death of James Preston.[1] On appeal, she challenges the sufficiency of the evidence to support her conviction, and asserts that the trial court erred in rejecting her claim of ineffective assistance of trial counsel. Finding no error, we affirm.

We view the evidence in a light most favorable to the verdict. Police were called to a residence belonging to a friend of Wright, where they found the deceased victim lying face down on the floor with his hands underneath his body. The body was partially covered

---

[1] The crime took place on January 28, 1998. A true bill of indictment was returned on July 30, 1998, charging Wright with malice murder and felony murder while in the commission of an aggravated assault. Trial commenced on February 15, 2000, and on February 18, 2000, a jury found Wright guilty as charged. Wright was sentenced on the same day to life imprisonment for malice murder. A motion for new trial raising the general grounds was filed on February 24, 2000. New counsel was retained and the motion was amended to include a claim of ineffective assistance of trial counsel. Following an evidentiary hearing, the amended motion for new trial was denied on June 4, 2001. A notice of appeal was filed on July 3, 2001. The case was docketed in this Court on August 10, 2001, and was submitted for decision on briefs on October 1, 2001.

by a comforter, there was duct tape over the mouth, a bed pillow was found on the floor adjacent to the body, and feathers from that pillow had adhered to the wound. It was determined that a single bullet from a .38 caliber revolver had been fired through the pillow and had entered the head from the left side at close range. No weapon was found at the scene.

All windows and doors to the residence were secured and there was no evidence of forced entry. Wright had been given a key to the residence and she was present at the scene when the police arrived. She identified the victim as her husband and told the police that he was in military service in the Navy and had been missing from his assignment.

A month before the shooting, Wright disclosed to a girlfriend that she planned to kill Preston for the proceeds of a large insurance policy on his life. Wright offered that friend $10,000 to accompany her "for moral support" while she carried out her plan; the friend declined. It was also established that Preston had named Wright as his wife/beneficiary on a $200,000 Navy group life insurance policy which would remain in effect only while he served in the military. Wright disclosed to another friend that she and Preston falsely held themselves out as husband and wife in order for her to obtain certain spousal benefits from the Navy. Preston had requested and been approved for separation from military service which was to occur in the month that he was killed. At the time of the shooting, he was on unauthorized absence from his military assignment.

In the weeks before Preston's death, Wright inquired from others about where she could obtain a gun and how to muffle the sound of gunfire. On the day before the body was found, Wright told another friend that Preston had been shot and she offered that friend $6,000 to help her move and conceal the body.

1. The evidence, although circumstantial, was sufficient for a rational trier of fact to reject the defense theory that Preston's death was a suicide and to find Wright guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). " 'A conviction based on circumstantial evidence is authorized when every reasonable inference and hypothesis except that of guilt is excluded by the evidence.' [Cit.]" *Watkins v. State*, 273 Ga. 307, 309 (1) (540 SE2d 199) (2001). The reasonableness of the hypothesis is generally for the jury to decide, and that finding will not be disturbed where, as here, it is authorized by the evidence. *Brinson v. State*, 272 Ga. 345 (1) (529 SE2d 129) (2000).

2. Wright claims that her trial counsel's performance was constitutionally deficient in the following respects: counsel failed to order transcription of the voir dire proceedings, opening statements, and closing arguments; counsel failed to object to inadmissible hearsay

testimony; and counsel failed to object to an erroneous jury instruction and did not reserve general objections to the charge.

In order to prevail on a claim of ineffective assistance of trial counsel, Wright must show that her counsel's performance was deficient and but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 466 U. S. at 694.

(a) With regard to omissions in the transcript, trial counsel testified at the new trial hearing that nothing objectionable occurred during voir dire and opening and closing arguments, and had there been, he would have requested a record of the events. The failure to show harm or prejudice is fatal to Wright's claim. *Williams v. State*, 265 Ga. 681, 683 (2) (461 SE2d 530) (1995); *Moore v. State*, 246 Ga. App. 163, 168 (9) (b) (539 SE2d 851) (2000); *Washington v. State*, 238 Ga. App. 561, 562 (2) (a) (519 SE2d 234) (1999).

(b) Wright had discussions with an insurance agent about the prospect of purchasing additional insurance on Preston's life. The agent was asked why Wright failed to follow through. He replied that Wright told him Preston could not understand why she wanted additional insurance since he had increased his insurance coverage through the Navy, and that Preston even "joked" about it, stating: "What are you going to do, try and kill me?" At the hearing on the motion for new trial, counsel testified that he did not object to the hearsay statement nor did he think a curative instruction was necessary because the agent stated that the comment was made in a joking manner and that he often heard similar remarks from his customers. As a general rule, matters of reasonable strategy and tactics do not amount to ineffective assistance of counsel. *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). We view counsel's explanation as a reasonable tactical decision.

Other allegations of ineffectiveness based on failure to object to certain hearsay testimony were not raised below and are deemed waived. See *Banks v. State*, 244 Ga. App. 191 (1) (535 SE2d 22) (2000).

(c) In its charge, the trial court instructed the jury that "you will both determine the law and the facts."

> While this language was formerly in the Suggested Pattern Jury Instructions, it has since been replaced . . . and although it may be the better practice for trial courts to instruct the jury on this point in accordance with the current language of the Suggested Pattern Jury Instructions, [cit.], it is not error to charge the jury as was done here.

*Hampton v. State*, 272 Ga. 284, 287 (7) (527 SE2d 872) (2000). The trial judge adequately and accurately charged the jury on the applicable law and the jury was properly left to apply the law to the facts of the case. Assuming without deciding that Wright properly raised this allegation within her ineffective assistance claim in the trial court, it is nonetheless without merit.

3. We decline to review under the plain error rule, the admission of certain hearsay statements which were not objected to at trial, especially since Wright has failed to demonstrate how the admission of this evidence "seriously affect(ed) the fairness, integrity, and public reputation of the trial." *Weems v. State*, 268 Ga. 142, 145 (2) (485 SE2d 767) (1997). Further, the testimony was harmless, and in some instances, helpful to the defense.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*Dwight L. Thomas,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.