A03A0274. LOCKWOOD v. THE STATE.
(577 SE2d 50)

ELDRIDGE, Judge.

Following the Spalding County Superior Court's refusal to accept his plea of guilty as improvidently tendered, Wilmer C. Lockwood was convicted by a jury of a single count of aggravated assault and sentenced to serve ten years in prison, followed by ten years probation. Lockwood appeals from the denial of his motion for new trial, as amended, challenging the sufficiency of evidence, the effectiveness of counsel, and the superior court's denial of his request for a pre-

---

sentence report as an abuse of discretion. Finding the evidence sufficient, no ineffectiveness of counsel, and no error as to the request for a pre-sentence report, we affirm.

Viewed in the light most favorable to the verdict, *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998), the evidence shows that the victim, Walter Futral, ordered Lockwood out of his convenience store at approximately 4:30 p.m., on February 7, 1999, having earlier "barred" Lockwood from the premises for, among other things, using profanity in the presence of his (Futral's) wife. Lockwood left the store after Futral told him that the police had been called but returned approximately an hour later, cursing Futral and telling him to come to the front of the store. Over the protestations of a customer, Futral did so and again ordered Lockwood out of the store, telling him to wait for police that had been called once more. Lockwood went to his truck, got a long board with protruding nails, ran back to the entrance of the store, and swung the board at Futral, causing him to step back to avoid being hit. Futral then pulled his gun from his right pants pocket and told Lockwood, "I'll kill you." Lockwood replied, "Go ahead and shoot me," got in his vehicle, and sped off in the direction of his home, where police later arrested him. At trial, Lockwood testified that he had swung at Futral in self-defense. *Held*:

1. The evidence, although conflicting, was sufficient for a rational trier of fact to reject Lockwood's testimony that he acted in self-defense and to find him guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Strange v. State*, 244 Ga. App. 635, 636-637 (1) (535 SE2d 315) (2000). "Conflicts in the testimony of the witnesses . . . [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997).

2. Lockwood contends that his trial counsel's performance was constitutionally deficient as follows: counsel was inadequately prepared for trial in that he met with him only twice, failed to file discovery motions, failed to request a mental status evaluation, and failed to request a continuance upon the superior court's refusal to accept his guilty plea; and at trial, counsel failed to object to inadmissible hearsay testimony of the victim as to his bad character, an unwarned inculpatory statement he made to police, and to the replaying of the State's videotape of the incident during the closing arguments of the prosecutor and trial counsel.

In order to prevail on a claim of ineffective assistance of trial counsel, [Lockwood] must show that [his] counsel's perfor-

mance was deficient and but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 466 U. S. at 694.

*Wright v. State*, 274 Ga. 730, 732 (2) (559 SE2d 437) (2002).

(a) *Claimed Ineffectiveness — Pre-trial.* At the motion for new trial hearing, trial counsel testified that he met with Lockwood five to·six times before trial; that it had been unnecessary and .impractical to file pre-trial motions in light of the prosecutor's open file policy and his late entry of appearance in the case only weeks before trial;[1] that, although he knew Lockwood had been treated for depression and recommended that he be mentally evaluated as a part of the pre-sentence investigation, he saw no need to have Lockwood mentally evaluated from the perspective of defending the case on the merits; and that upon the superior court's rejection of Lockwood's guilty plea, he had not requested a continuance because he was prepared to proceed to trial. Pretermitting any deficiency in the performance of trial counsel (and we find none), Lockwood's claims as to the adequacy of trial counsel's preparation for trial must fail, no harm or prejudice inuring to his detriment having been shown. See *Washington v. State*, 274 Ga. 428, 430 (2) (554 SE2d 173) (2001) (infrequent meetings to prepare defense not ineffective without showing that different outcome at trial would have obtained upon more frequent pre-trial communications); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987) (failure to file pre-trial motions not ineffectiveness absent showing that defendant would have benefitted at trial); *Barber v. State*, 236 Ga. App. 294, 298 (4) (512 SE2d 48) (1999) ("If a defendant wishes to claim ineffectiveness based on trial counsel's failure to request a psychiatric evaluation, it is not enough to show merely that counsel unreasonably failed to inquire into his mental state — he must show a likelihood that such an evaluation would have affected the outcome at trial. [Cit.]"); *Gibbs v. State*, 213 Ga. App. 117, 119 (3) (443 SE2d 708) (1994) (denial of motion for continuance proper absent ineffectiveness for inadequate preparation of trial and trial counsel having announced "ready for trial").

(b) *Claimed Ineffectiveness — Trial.* At trial, the victim testified, without objection, that he felt he needed to try to detain Lockwood with his gun because he "had heard of incidents before where the law had been after [Lockwood] for whatever and he eluded them, and I

---

[1] The record shows that trial counsel filed his entry of appearance in this case on September 15, 1999, and that Lockwood was tried by jury in the period October 18-19, 1999.

was afraid he would get away this time." Trial counsel explained his failure to object to the admission of such bad acts hearsay because he believed that doing so would undermine his effort to convince the jury that Lockwood could not have intended to commit aggravated assault in that he and his victim were longtime friends. "As a general rule, matters of [trial] strategy and tactics do not amount to ineffective assistance of counsel. *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001)." *Wright v. State*, supra at 732 (2) (b). That trial counsel here chose not to object was a matter of legitimate trial strategy.

Lockwood also faults trial counsel for failing to object to the prosecutor's use of its videotape evidence of the crime in the State's closing argument and for using the videotape in arguing for him in closing.

> The trial court has broad discretion in controlling the argument of counsel and, unless it clearly appears that the court has abused this discretion and that such abuse has resulted in harm or prejudice to the [objecting] party, this Court will not undertake to control the exercise of such discretion.

(Citations omitted.) *Singleton v. State*, supra at 696 (3). While such discretion is inclusive of the authority to prohibit the use of exhibits during closing argument, id., it does not appear that the superior court abused its discretion in permitting counsel to replay for the jury excerpts from the videotape in issue. In this regard, both counsel employed the videotape during closing argument to bolster their respective cases-in-chief, i.e., Lockwood as committing aggravated assault and Lockwood as acting in self-defense, respectively. Since we have held that the prosecutor properly used the videotape in closing, trial counsel was not ineffective for his failure to object thereto. *Victorine v. State*, 264 Ga. 580, 582 (6) (449 SE2d 91) (1994). Neither was trial counsel's use of the videotape ineffective. As trial counsel testified at the motion for new trial hearing, certain portions of the tape were "very beneficial . . . to the defense, especially as to Mr. Futral's getting a gun, and making some statements when he had the gun." It would appear to be an unquestionably reasonable trial tactic and strategy to argue one's defense. It follows that this ineffectiveness claim must also fail for obvious want of prejudice. *Wright v. State*, supra.

(c) *Ineffectiveness — Other*. En route to jail following his arrest, Lockwood blurted out to the police, "Ya'll take me to jail today, but I'll get out. And when I get out, I'll take care of Walt Futral." Trial counsel's failure to object to such testimony as not raised below as a ground for ineffectiveness is waived on appeal. See *Banks v. State*,

244 Ga. App. 191 (1) (535 SE2d 22) (2000). Even were there no waiver, the failure to object was not deficient performance of counsel. See *Knighton v. State*, 254 Ga. App. 845, 847 (563 SE2d 917) (2002) (*Miranda* not applicable to "volunteered" statements before any questioning).

3. Finally, no error obtained upon the superior court's refusal to order a pre-sentence report, notwithstanding trial counsel's recommendation that a mental status evaluation be a part thereof because Lockwood had previously received mental health care. " 'Whether or not to order a [pre-sentence] report is a matter within the discretion of the trial court.' " *Galloway v. State*, 165 Ga. App. 536 (2) (a) (301 SE2d 894) (1983), citing *Jackson v. State*, 248 Ga. 480, 484 (6) (284 SE2d 267) (1981). At the guilty plea hearing and prior to sentencing, trial counsel recommended that Lockwood be mentally evaluated as a part of a pre-sentence investigation; however, he did so only as a matter in possible mitigation on sentencing, otherwise indicating that Lockwood was fully capable of participating in his defense. Further, at an out-of-court hearing upon refusing to accept Lockwood's plea of guilty as improvident, the superior court observed, "Well, I — my observation of [Lockwood] was that he was . . . very responsive and articulate. And I . . . just can't accept that plea of guilty." And, at the superior court's pre-sentence hearing immediately after the jury's verdict, Lockwood advised the superior court that he had last received treatment for his mental health condition, depression, six months before his altercation with Futral, otherwise indicating that his assault on Futral had been building for two years. Under these circumstances, the denial of the request for a pre-sentence report was not error as an abuse of discretion. *Galloway v. State*, supra.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 29, 2003.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.