### A03A0720. LONDON v. THE STATE.
(580 SE2d 686)

ELLINGTON, Judge.

Following a bar fight in which Timothy London shot two men, a Muscogee County jury convicted London of two counts of aggravated assault, OCGA § 16-5-21 (a); possession of a firearm during the commission of a crime, OCGA § 16-11-106; reckless conduct, OCGA § 16-5-60 (b); and possession of a firearm by a convicted felon, OCGA § 16-11-131. London appeals from the denial of his amended motion for new trial, contending the trial court erred in allowing the alternate juror to witness jury deliberations. London also claims he was denied the effective assistance of counsel. For the following reasons, we affirm.

1. London argues that the trial court erred in allowing an alternate juror to go out with the jury to the jury room and to witness deliberations in violation of OCGA § 15-12-171. Under this statute, the alternate juror is prohibited from witnessing the jury's deliberations. Instead, the trial court may either discharge the alternate

---

[1] 253 Ga. App. 575 (560 SE2d 26) (2002).
[2] 276 Ga. 208 (576 SE2d 878) (2003).

juror or direct that the juror be retained and kept in the custody of the sheriff until the jury has reached a verdict. Id.; see also OCGA § 15-12-172 (delineating the circumstances under which an alternate juror may replace an incapacitated juror). If an alternate juror does, in fact, sit in on the jury's deliberations over the defendant's objections, there is a presumption of harm to the defendant that the State must overcome by presenting affirmative evidence that the alternate juror did not participate in deliberations and that the jury was not influenced by the alternate juror's presence. *Johnson v. State*, 235 Ga. 486, 494-495 (6) (220 SE2d 448) (1975) (finding harmless error after the State presented the affidavits of all 12 jurors and the alternate juror which demonstrated that the alternate did not vote on the verdict); *State v. Newsome*, 259 Ga. 187, 188 (2) (378 SE2d 125) (1989) (finding harmless error after affidavits of all 12 jurors showed alternate juror did not affect any juror or the jury's verdict); *Bullock v. State*, 150 Ga. App. 824, 826 (2) (258 SE2d 610) (1979) (conviction reversed after the defendant made "vociferous objections" to the alternate juror's presence in the jury room, and the State failed to demonstrate that alternate juror's presence was harmless).

In this case, during jury instructions, the trial court conducted an unrecorded bench conference. It is undisputed that, during this conference, the court expressed its intention to allow the alternate juror to witness the jury's deliberations so that the alternate would be privy to the discussion in case a juror had to be excused, thereby avoiding the need to start deliberations anew with the alternate. London's counsel consented to the arrangement. See Division 2, infra. Following the bench conference, the trial court addressed the alternate juror and instructed the jury as follows:

> [The alternate juror] will be allowed to go into the jury room and sit through the deliberations but [she] can't participate . . . in the arguments[;] [she has] to sit off and bite [her] tongue and fold [her] arms and not participate. So I'm instructing all the other jurors that [the alternate juror] is not to participate, she's an alternate just in case something happens to one of you then she steps in so we won't have to begin the process over again because she will have sat through the discussions with all of you. So, once you are out, you will choose your foreperson and twelve of you will deliberate, [the alternate juror] can sit and watch and then you will sign and return your verdict as I've indicated.

Following their deliberations, the jurors returned a guilty verdict on all counts. The trial court polled the jurors about their verdict, but did not ask about whether they were influenced by the alternate

juror's presence during deliberations. At the hearing on London's motion for new trial, the State presented no evidence that the alternate juror did not participate in deliberations or otherwise influence the jury's verdict.

We find that, although London would have had the benefit of a presumption of harm under these circumstances if the trial court had sent the alternate juror to witness deliberations over trial counsel's objections, counsel's consent to the arrangement waives this error. See *Whitaker v. State*, 256 Ga. App. 436, 437-438 (1) (568 SE2d 594) (2002) (counsel's consent to procedure used during a hearing waived any error).

2. London argues, however, that counsel's failure to object to this arrangement constituted ineffective assistance of counsel.

> To establish a constitutional deprivation of the right to counsel, appellant has the burden of showing that counsel's performance was deficient and that the deficient performance prejudiced the defense by creating a reasonable probability that but for counsel's errors, the outcome of the trial would have been different. An appellate court evaluates counsel's performance from counsel's perspective at the time of trial. As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel.

(Citations and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Wright v. State*, 274 Ga. 730, 732 (2) (b) (559 SE2d 437) (2002) (matters of trial tactics and strategy do not amount to ineffective assistance). We review the trial court's finding on an ineffective assistance claim under the clearly erroneous standard and will not reverse such finding if it is supported by any evidence. *Morgan v. State*, 275 Ga. 222, 228 (10) (564 SE2d 192) (2002); *Johnson v. State*, 214 Ga. App. 77, 78 (1) (447 SE2d 74) (1994).

During the motion for new trial hearing, trial counsel testified that he did not feel it was necessary to object to the court's plan to allow the alternate juror to witness the deliberations due to the trial court's jury instructions that the alternate was not to participate in deliberations. Trial counsel's strategies and tactics do not constitute deficient performance. *Wright v. State*, 274 Ga. at 732 (2) (b).

Further, although London would have been entitled to a presumption of harm if counsel had timely objected to the trial court's plan, London is no longer entitled to this presumption of harm in a claim of ineffective assistance of counsel. Instead, he has the burden

of proving that he was prejudiced by counsel's alleged oversight. *Morgan v. State*, 275 Ga. at 227-228 (10) (the defendant, not the State, "must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct") (citation and punctuation omitted). To that end, London has failed to present any evidence that the alternate juror's presence had any impact on the outcome of the trial. Accordingly, London has not carried his burden of demonstrating ineffective assistance of counsel.

3. London contends trial counsel was ineffective for failing to consult him before consenting to the alternate juror's presence in the jury room. London was in the courtroom, however, during the bench conference, while the trial court instructed the jury, when the alternate juror retired with the jury, and when the jury returned with a verdict. London never expressed to his trial counsel any concern or objection about the alternate juror's presence in the jury room.[1] Accordingly, we find that London acquiesced in trial counsel's consent to this arrangement and that such acquiescence waives his objection as to counsel's failure to consult with him. *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993) (ineffective assistance claim based upon the failure to consult the defendant about strategic decisions fails when there is no evidence to indicate that the defendant would have made different choices from those of counsel); *Johnson v. State*, 214 Ga. App. at 78-79 (1) (counsel's waiver of the defendant's right to a 12-person jury was binding on the defendant when he was present when the waiver occurred and acquiesced in the waiver).

4. London argues that counsel was ineffective for failing to object to certain hearsay testimony. Trial counsel testified at the motion for new trial hearing that his failure to object to hearsay in this case was part of his trial strategy to attack the credibility of the witnesses by showing their lack of personal knowledge about the crime. Since such trial tactics and strategy are not susceptible to attacks of ineffective assistance, this enumeration lacks merit. *Wright v. State*, 274 Ga. at 732 (2) (b).

5. London's contention that counsel was ineffective for failing to object to an alleged comment on his right to remain silent is waived due to London's failure to cite to any authority in his brief that supports his contention. Court of Appeals Rule 27 (c) (2).

6. There is no merit to London's contention that his counsel was ineffective for failing to attack the redacted indictment that was sent out with the jury. Count 6 of the indictment charged London with possession of a firearm by a convicted felon. London does not attack

---

[1] In fact, even at the motion for new trial, London testified that he did not know what he would have decided to do if counsel had asked for his opinion regarding the alternate juror.

that indictment as void. Instead, he complains that the jury was never asked to determine whether he was, in fact, a convicted felon and, therefore, his conviction on Count 6 was void.

At the motion for new trial, however, London's counsel testified that he had previously represented London in a case that resulted in a felony conviction and that he knew the State had a certified copy of the conviction that it could present in this case to prove Count 6. Therefore, after discussing the issue with London, counsel stipulated to the fact that London was a convicted felon to keep the issue away from the jury. The jury had to decide only whether London possessed a firearm at the time of the shootings. This was a strategic decision of counsel with which London agreed at the time of trial. *Wright v. State*, 274 Ga. at 732 (2) (b); *Whitaker v. State*, 256 Ga. App. at 437-438 (1); *Johnson v. State*, 214 Ga. App. at 78-79 (1). Therefore, it provides no basis for reversal. *Morgan v. State*, 226 Ga. App. 624, 625 (3) (487 SE2d 420) (1997) (the fact that after trial the defendant disagrees with his counsel's trial strategy does not require a finding of ineffective assistance).

7. London contends counsel was ineffective for failing to move to bifurcate the trial as to Count 6, possession of a firearm by a convicted felon. The bifurcation would have allowed the jury to consider whether he was a convicted felon after they had reached a verdict on the other charges, so that his prior conviction would not affect the jury's deliberations. See *Harris v. State*, 252 Ga. App. 849, 851-852 (1) (557 SE2d 452) (2001) (bifurcation was necessary to keep evidence of a prior conviction from "a captive audience of jurors who were constantly reminded, as they were considering [the defendant's] guilt, that, as a convicted felon, he was a person of bad character with a propensity to commit crimes") (footnote omitted). London's stipulation to the fact of his felony conviction, however, removed the need for a bifurcated trial. See Division 6, supra. There was no error.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

Decided April 8, 2003 — 

*Michael S. Katz*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.