## A03A2475. HARRIS v. THE STATE.
(595 SE2d 683)

ELDRIDGE, Judge.

A Jenkins County jury found Jamel Harris guilty of robbery by force for his participation in the robbery of the Ogeechee Valley Bank in Millen. Without challenging the sufficiency of the evidence against him, he appeals, claiming that he received ineffective assistance of counsel at trial; that the trial court erred in permitting hearsay testimony concerning his statement to law enforcement; and that the trial court erred in sua sponte instructing the jury about a defendant's right to remain silent after arrest. Finding no merit in any of these claims, we affirm.

1. Harris first contends his trial counsel provided ineffective assistance. To prevail on this claim, Harris must show both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different.[1] "Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. [Cit.]"[2] In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance, and a trial court's determination that Harris was afforded effective assistance of counsel will not be reversed on appeal unless clearly erroneous.[3]

(a) Harris admits that his trial attorney "did investigate and speak with various witnesses, [but] he did not file either pretrial discovery or a pretrial motion to suppress the initial stop and seizure of the defendant." However, the State had an "open file" policy, making a formal request for pretrial discovery unnecessary. Harris' trial attorney testified at the motion for new trial hearing that he had received a copy of all of the documents in the State's file. Harris fails to state what more would have been obtained had discovery motions been filed.[4]

---

[1] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

[3] *Davis v. State*, 238 Ga. App. 84, 89 (7) (517 SE2d 808) (1999); *Cummings v. State*, 261 Ga. App. 281, 284 (6) (582 SE2d 231) (2003).

[4] See *Lockwood v. State*, 259 Ga. App. 350, 352 (2) (a) (577 SE2d 50) (2003); *Ogle v. State*, 256 Ga. App. 26, 29 (4) (a) (567 SE2d 700) (2002).

Additionally, "[f]ailure to file a motion to suppress is not ineffective assistance of counsel per se, and [Harris] must make a 'strong showing' that the evidence would have been suppressed had his trial counsel filed a motion."[5] Here, Harris claims that the stop of his car based on a BOLO[6] for the vehicle issued immediately after the bank robbery was improper. However, other than making this conclusory statement, Harris fails to identify any improper factor in the stop of his vehicle. His trial attorney was only cursorily questioned on such issue at the motion for new trial hearing, and he testified that, to his knowledge, the BOLO placed on Harris' vehicle presented a proper basis for the stop. The officers who stopped the vehicle were not called to testify at the motion hearing, and Harris points to no testimony at trial that would support his contention that the stop was improper. Simply directing our attention to possible prejudicial information derived from the stop is meaningless when the stop, itself, was proper. Under these circumstances, Harris has not met his burden to show that a motion to suppress based on an improper stop of his vehicle would have been granted so as to support a claim of ineffective assistance of counsel.[7]

To the extent that Harris raises additional claims regarding the scope and duration of the investigative stop, these claims were neither raised nor argued in the court below and will not be considered for the first time on appeal.[8] Further contentions that Harris was illegally "questioned" during the stop were also not argued below and are, moreover, factually baseless, since Harris was interviewed at the police station, not during the traffic stop; he went to the station voluntarily; he signed a waiver of rights form; and he provided a statement consistent with the alibi defense he presented at trial.

(b) Much of Harris' argument on appeal, both substantively and as a basis for ineffective assistance of counsel, goes to evidence introduced at trial relating to a handwritten statement he gave to a Federal Bureau of Investigation (FBI) agent which had been misplaced and could not be located prior to or during trial. Over objection, the agent was permitted to testify at trial about the contents of Harris' missing statement via an investigative summary the agent had prepared at the time Harris wrote the statement. Harris claims that the failure to produce the missing statement deprived him of evidence favorable to his defense. Before this Court, as he did below, Harris maintains that he was prevented from cross-examining the agent

---

[5] (Citation omitted.) *Patterson v. State*, 259 Ga. App. 630, 633 (4) (577 SE2d 850) (2003).
[6] Be on the lookout police broadcast.
[7] *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994).
[8] *Render v. State*, 240 Ga. App. 762 (a) (525 SE2d 134) (1999).

about the contents of the actual statement. We find these contentions meritless.

The statement at issue was located before the trial court ruled on Harris' motion for new trial, and a copy was provided to Harris. In its order denying the motion, the court found that,

> Examination of the statement and the record shows no inconsistencies among the FBI agent's testimony, defendant's testimony and defendant's written statement. Therefore, defendant has not shown that he was prejudiced by the absence of the statement at trial.

The "missing" statement was made part of the record and is before this Court. We concur in the trial court's assessment. A review of the statement, the agent's testimony, and Harris' alibi testimony shows no inconsistencies between them. Further, Harris fails to identify how he was harmed by not having the statement pretrial; he fails to state how cross-examination of the FBI agent would have been altered had the statement been in his possession. Contrary to assertions by brief, Harris clearly remembered the statement's contents, since he testified at trial that the statement he gave the FBI agent was voluntary and that it "fully, truthfully, honestly, openly and directly explain[ed] everything [he] had to say about [his] knowledge of the crime." Veiled contentions by brief that the statement's missing status affected Harris' decision to testify at trial are groundless considering that the contents of the missing statement went before the jury via the FBI agent's testimony, which was consistent with Harris' alibi defense. And there is no basis for Harris' assertion that not having the statement required the defense to alter its trial strategy. Indeed, trial counsel testified at the motion for new trial hearing regarding Harris' alibi defense and the missing statement; no claim was made that trial strategy was affected in any way because the statement was unavailable. "In order to have reversible error, there must be harm as well as error and the lack of harm makes this enumeration of error without merit. [Cit.]"[9] Without a showing of prejudice, this claim of error cannot supply a basis for a finding of ineffective assistance of counsel.[10]

(c) Harris' claim that his attorney was ineffective for failing to obtain a *Jackson-Denno*[11] hearing must fail since trial counsel did obtain such hearing.

---

[9] *Prather v. State*, 275 Ga. 268, 271 (3) (564 SE2d 447) (2002).
[10] *Lajara v. State*, 263 Ga. 438, 441 (3) (435 SE2d 600) (1993).
[11] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

(d) Harris claims that defense counsel should have objected to the admission of documents found in Harris' vehicle on the basis of an illegal search without valid consent. However, since the only evidence of record shows that the search of the vehicle was conducted with Harris' valid consent, we can discern no basis for the objection now urged. Even Harris testified that he gave consent to search, without a claim of coercion. "Failure to make a meritless objection cannot be evidence of ineffective assistance."[12]

(e) Finally, Harris contends counsel was ineffective for failing to object to State's Exhibit 5 on the basis of lack of "foundation and authentication." However, State's Exhibit 5 is a handwritten note found in Harris' car on the back of a telephone bill in Harris' name; during trial, Harris stated that he wrote the note. These circumstances demonstrate that the State could have established the exhibit's "foundation and authenticity" had it been required to do so. That an objection *could* be made does not demand its making when the impact would be negligible, and the failure to make such objection does not demonstrate ineffective assistance of counsel.

2. Harris' second enumeration of error has been decided adversely to him by our decision in Division 1 (b).

3. The trial court charged the jury regarding *Miranda*[13] warnings and the necessity that any post-arrest statement be voluntary. Following the jury charge, defense counsel requested that a clarifying instruction be given because Harris' statement was given prior to arrest and,

> I didn't want it to, as a result of charging it as you did, create in the minds of the jurors that he might have been arrested in May when in fact it wasn't until later. . . . I would defer to the Court that if it's going to create confusion, I'm not making a formal objection, I'm just pointing out what I think.

The court was informed that, at the time of his arrest, Harris was again given *Miranda* warnings, but did not make a statement at that time.

Based upon counsel's expressed concerns, the trial court gave the jurors a clarifying instruction that Harris was stopped on May 3, but not arrested; that he was given *Miranda* warnings "out of precaution"; and that "after he was placed under arrest, the evidence would show that he was given his *Miranda* warnings and did not make a

---

[12] *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).
[13] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

statement at that point. So I wanted to clarify that to you as it may be of some value to you, it may not."

Now, Harris claims the trial court's clarifying instruction was an improper comment on his right to silence. We find no reversible error. A fair reading of what transpired with regard to this issue shows that Harris got what he requested. Any comment on his right to silence after arrest was induced by Harris' desire for jury clarification as to the date of his arrest in relation to *Miranda* warnings and his statement, as well as by Harris' deferment to the trial court as to what form such clarification would take. The right to appeal is lost where error in the charge is induced by the actions of defense counsel.[14]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 27, 2004.

*Alice C. Stewart*, for appellant.
*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.

