710 S.E.2d 826 (2011)
CHANDLER
v.
The STATE.
No. A11A0596.
Court of Appeals of Georgia.
May 17, 2011.
*828 William Hansel Kitchens, Jr., Atlanta, for appellant.
J. Bradley Smith, Dist. Atty., Robin Rowden Riggs, Asst. Dist. Atty., for appellee.
ELLINGTON, Chief Judge.
A Barrow County jury found Robert Chandler guilty of child molestation, OCGA § 16-6-4(a), and cruelty to children, OCGA § 16-5-70(b). Chandler appeals from the order denying his motion for a new trial, contending that the prosecutor's misconduct, certain trial court errors, and his attorney's ineffectiveness demand that his convictions be reversed. Finding no reversible error, we affirm.
Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that, on May 18, 2002, Chandler molested his 12-year-old grandnephew, D.J. That morning, D.J. was helping his mother clean house. Shortly after D.J.'s mother left the house to get more cleaning supplies from a neighbor, Chandler stopped by to pick up a change of *829 clothes. He was intoxicated. He asked D.J. questions about his sexual orientation and attempted to get D.J. to sit down with him. When D.J. walked away, Chandler grabbed him, pulled D.J.'s pants down, and tried to force his penis into D.J.'s anus. D.J. testified that Chandler's actions caused him emotional and physical pain. D.J. struggled free, grabbed a phone and a kitchen knife, and locked himself in the bathroom. There, he called his mother, told her what happened, and asked her to come home. When his mother got home, she found D.J. locked in the bathroom and saw a partially clothed Chandler walking through the house. The mother pushed Chandler outside, and D.J. opened the bathroom door. He was crying and upset, clutching the phone and the kitchen knife.
D.J.'s mother called the police. A responding officer found D.J. "curling up" against his mother, crying and scared. When numerous family members started arriving at the residence, an investigator took D.J. to the police station to be interviewed away from all the people who had gathered. D.J. told the police investigator and, later, a social worker what had happened, and those witnesses recounted their interviews with D.J. for the jury. A doctor examined D.J. and recovered seminal fluid from his anal area. The seminal fluid was not tested for DNA, however, because it did not contain the requisite sperm cells. When investigators sought a DNA sample from Chandler, he told hospital personnel "over and over again" that he had slept with a woman the night before the incident and that D.J. had worn his undershorts that day. He also said: "I would not do anything like this to that baby. But things happen, right?" Both D.J. and his mother testified that D.J. had not worn Chandler's clothing.
1. Chandler contends he is entitled to a new trial on the grounds of prosecutorial misconduct because the prosecutor withheld a statement from D.J.'s mother that D.J. had recanted his accusations against Chandler and had admitted that he had fabricated the story. The record, however, does not support Chandler's claim that the prosecutor's actions constituted "misconduct." "A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority." Meredith v. State, 211 Ga. App. 213, 215(4), 438 S.E.2d 644 (1993).
Chandler's defense at trial was that D.J. was lying. His attorney, in his opening statement, said that D.J. had lied about the molestation to get out of trouble for stealing a pair of sunglasses earlier that day. Counsel said: "[Y]ou're going to hear evidence from [D.J.'s] mother and his other relatives that this probably didn't happen. And the child probably made it up. . . . [After all the investigation, D.J.] tells his family it never happened. I made it up." Likewise, the prosecutor said in his opening statement: "I last discussed this case with [D.J.] four months ago. I expect that this is going to be a difficult trial for [him]. Often times in these cases, families are split; some times pressure is applied. And there is a possibility that [D.J.'s mother] . . . no longer has this child's best interest at heart." Thus, before any evidence was submitted, the record reveals that both the defense and the prosecution expected testimony on the issue of whether D.J. had lied about the molestation.
When D.J.'s mother testified on behalf of the defense, she said that, on the morning of the trial and on other occasions, D.J. had told her that nothing sexual had occurred between Chandler and him. She testified that she reported these statements to the district attorney's office and the prosecutor. The mother, however, had previously testified in the State's case-in-chief that, although she had discussed her testimony with the prosecutor, she did not tell him what she was going to say. The mother also admitted to having refused to turn over evidence in the case because D.J.'s grandmother, Chandler's sister, would not allow her to do so. In fact, the family was very upset that D.J.'s mother was testifying against Chandler, and the mother testified that the ordeal had been harder on her than on D.J. Chandler's sister, D.J.'s grandmother, also testified that D.J. had told her that he lied about the molestation.
*830 Chandler's attorney made a motion for a mistrial following D. J.'s mother's defense testimony, arguing that the mother had told the prosecutor that D.J. had recanted and that the prosecutor had intentionally withheld that information, prejudicing his defense. The prosecutor denied that the mother had ever told him that D.J. had lied; rather, he asserted that she was lying. The court ruled: "I think we're going to have to let the jury resolve [this issue]."
There is no evidence in the record that D.J.'s mother gave the police or the prosecution a written or recorded statement that D.J. had told her that he had lied about the molestation. If she had given an unrecorded oral statement to that effect to the prosecutor, the prosecutor was not obligated under OCGA § 17-16-7 to disclose it to the defense. See Burgess v. State, 276 Ga. 185, 186(2), 576 S.E.2d 863 (2003). As for whether the prosecutor wrongfully withheld the information from the defense under Brady,[2] the law "requires the prosecutor to disclose all evidence favorable to the defendant that is material to the defendant's guilt or punishment." (Footnote omitted.) Henley v. State, 285 Ga. 500, 506(4), 678 S.E.2d 884 (2009). In order to prevail on a Brady claim, however, a defendant must show:
(1) the State possessed evidence favorable to the defendant; (2) the defendant did not possess the favorable evidence and could not obtain it himself with any reasonable diligence; (3) the State suppressed the favorable evidence; and (4) had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the trial would have been different.
(Citations omitted.) Schofield v. Palmer, 279 Ga. 848, 852(2), 621 S.E.2d 726 (2005).
In this case, it is patent from his opening statement that Chandler intended to offer evidence in his defense that D.J. had lied about the molestation and that some of that evidence would come from D.J.'s own mother. As promised, Chandler called D.J.'s mother and grandmother as defense witnesses, and they both testified that D.J. had told them that he had lied. Thus, even if we were to assume that Chandler has carried his burden of showing that the prosecutor suppressed an unrecorded oral statement from D.J.'s mother, the record shows that the defense had the information allegedly contained in the mother's statement prior to trial from that very witness, and that the information was timely used at trial in support of Chandler's defense. Consequently, there was no Brady violation. See Dodd v. State, 293 Ga.App. 816, 820(2), 668 S.E.2d 311 (2008) ("Brady . . . is not violated when the [exculpatory] evidence is presented to the jury at trial.") (citations and punctuation omitted.) Thus, Chandler has failed to show that the prosecutor violated the law, prejudiced Chandler's defense, or committed any act that could be construed as misconduct. The court did not err in impliedly denying the motion for mistrial, and this claim of error must fail.
2. Chandler contends the trial court erred in allowing the alternate juror to be present during, but not participate in, jury deliberations.
OCGA § 15-12-171 provides: "Upon final submission of the case to the jury, the alternate jurors shall not retire with the jury of 12 for deliberation[.]"
If an alternate juror does, in fact, sit in on the jury's deliberations over the defendant's objections, there is a presumption of harm to the defendant that the State must overcome by presenting affirmative evidence that the alternate juror did not participate in deliberations and that the jury was not influenced by the alternate juror's presence.
(Citations omitted.) London v. State, 260 Ga.App. 780, 781(1), 580 S.E.2d 686 (2003). In cases like the instant one, however, where defense counsel agreed to the alternate juror's presence during deliberations, any error is waived. Id. at 782(1), 580 S.E.2d 686.
3. Chandler contends the trial court should have merged his convictions for child molestation and cruelty to children because each count is based upon the same act and *831 facts and, therefore, the crimes are included in one another as a matter of fact.
In Drinkard v. Walker, 281 Ga. 211, 212-217, 636 S.E.2d 530 (2006), the Supreme Court of Georgia disapproved the "actual evidence" test and adopted the "required evidence" test for determining when one offense is included in another under OCGA § 16-1-6(1) or § 16-1-7(a)(1). Under the required evidence test, a single act may constitute an offense that violates more than one statute, "and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." (Citation, punctuation and footnote omitted.) Id. at 215, 636 S.E.2d 530.
Chandler was indicted for child molestation, and the indictment accused him of doing an "immoral and indecent act, to [D.J.], a child under 16 years of age, by placing his penis against the anal area of the child, with the intent to arouse and satisfy the sexual desires of the accused[.]" He was also indicted for cruelty to children, and the indictment accused him of "maliciously caus[ing D.J.], a child under the age of 18, cruel mental pain by touching his anal area[.]" Cruelty to children, but not child molestation, requires proof that the victim was a child under the age of 18 who was caused cruel or excessive physical or mental pain. OCGA § 16-5-70(b). In contrast, child molestation, but not cruelty to children, requires proof that the victim was under 16 years of age and that the defendant performed an immoral or indecent act upon or in the presence of the child for the purpose of arousing or satisfying the defendant's or the child's sexual desires. OCGA § 16-6-4(a). Therefore, each crime requires proof of at least one additional element that the other does not. See Waits v. State, 282 Ga. 1, 4-5(2), 644 S.E.2d 127 (2007) (cruelty to children did not merge with aggravated battery). Accordingly, even if the same conduct establishes the commission of both child molestation and cruelty to children, the two crimes do not merge. See id.
4. Chandler contends he was deprived of a fair trial because his trial attorney was ineffective in three respects: (1) He failed to object to the trial court's ruling regarding the prosecutor's having allegedly withheld a witness statement, (2) he failed to object to the alternate juror's presence during deliberations, and (3) he failed to object to the court's failure to merge his convictions.
In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.
(Citations and punctuation omitted.) Williams v. State, 277 Ga. 853, 857(6), 596 S.E.2d 597 (2004). Further, when considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. Hudson v. State, 250 Ga. 479, 486(8), 299 S.E.2d 531 (1983). Especially in matters of trial tactics and strategic choices, an ineffectiveness claim cannot be judged by hindsight or result. Slade v. State, 270 Ga. 305, 307(2), 509 S.E.2d 618 (1998).
With respect to counsel's failure to object to the trial court's allegedly erroneous decisions regarding merger of offenses and prosecutorial misconduct, neither of these decisions was in error as we explained in Divisions 1 and 3, supra. Therefore, counsel did not perform deficiently by failing to make a meritless objection. See Hayes v. State, 262 Ga. 881, 884-885(3)(c), 426 S.E.2d 886 (1993) (failure to make a meritless objection cannot be evidence of ineffective assistance).
*832 With respect to the trial court's decision to allow the alternate juror to be present in the jury room during deliberations, we have held that,
although [Chandler] would have been entitled to a presumption of harm if counsel had timely objected to the trial court's plan, [he] is no longer entitled to this presumption of harm in a claim of ineffective assistance of counsel. Instead, he has the burden of proving that he was prejudiced by counsel's alleged oversight. Morgan v. State, 275 Ga. [222, 227-228(10), 564 S.E.2d 192 (2002)] (the defendant, not the State, "must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct") (citation and punctuation omitted).
London v. State, 260 Ga.App. at 782-783(2), 580 S.E.2d 686. As in London, Chandler has failed to present any evidence to show that there is a reasonable probability that the outcome of the trial would have been different but for the alternate juror's presence. Accordingly, Chandler has not carried his burden of demonstrating ineffective assistance of counsel. Id. For these reasons, the trial court did not err in denying Chandler's claim of ineffective assistance of counsel.
Judgment affirmed.
MILLER, P.J., and DOYLE, J., concur.
NOTES
[1] Jackson v. Virginia, 443 U.S. 307, 319(III)(B), 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[2] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).