297 Ga. 79
FINAL COPY

S15A0299.  PRICE v. THE STATE.

BENHAM, Justice.

Appellant Cornelius Price was convicted of malice murder and related crimes for the death of Chad Shirey.[1]  On the night of the incident, appellant was riding around with four other young men, including co-indictee DeMario Holden, who was driving the others in his mother's mini-van.  While at a gas station, the young men saw the victim driving a 1990 Chevrolet Caprice which had been upgraded with custom paint and graphics.  Appellant told the others that he wanted to steal the car and asked for Holden's gun.  Holden began following the victim's car, and when the victim turned onto a dirt road, appellant got out of the van, approached the car, said "give it up," and fired

---

[1]The crimes occurred on May 22, 2009.  On September 15, 2009, a Richmond County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder, hijacking a motor vehicle, and possession of a firearm during the commission of a felony.  Appellant was tried before a jury from June 22, 2010, to June 24, 2010, and the jury returned verdicts of guilt on all charges.  The trial court sentenced appellant to life in prison for malice murder, twenty years to be served consecutively for hijacking a motor vehicle, and five years to be served consecutively for possession of a firearm during the commission of a felony.  The felony murder count was vacated as a matter of law.   On July 7, 2010, appellant moved for a new trial and amended the motion on April 22, 2014.  The trial court held a hearing on May 5, 2014, and denied the motion for new trial, as amended, on May 8, 2014.  Appellant filed a notice of appeal on May 27, 2014, and the case was docketed to the January 2015 term of this Court for a decision to be made on the briefs.

the gun at least two times. The victim, who had been hit, tried to flee, but crashed the car into a tree. The young men fled from the scene. Minutes later, a woman who was on the passenger side of the victim's car ran to a neighbor's house for help. The victim died of gunshot wounds to his chest and arm. During his interview with police, appellant confessed that he had shot the victim, that his motivation in approaching the victim was to steal the car, and that he was influenced by peer pressure from Holden.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. On appeal, appellant only raises one enumeration of error, contending that his confession should have been suppressed because it was involuntary due to his youth, his eighth-grade education, and his long wait to be interviewed by authorities. "In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. [Cit.]" Grier v. State, 273 Ga. 363

2

(2) (541 SE2d 369) (2001). An appellate court will not disturb such factual and credibility determinations unless clearly erroneous. Id.

In this case, the trial court held a Jackson-Denno[2] hearing immediately before trial commenced. The evidence at the hearing showed that appellant was arrested one month after the shooting occurred. Authorities arrested appellant at approximately 6:00 a.m. and took him to the sheriff's department where he was placed in the office of one of the investigators working on the case. While appellant waited, he was not handcuffed or shackled. There was no evidence presented that appellant asked for and/or was denied food or drink or denied access to restroom facilities during his wait. Appellant's interview began at 9:50 a.m. that same morning. Two officers participated in appellant's interview. Appellant told the officers he had completed the eighth grade.[3] Both officers testified that appellant's rights were read to him and that appellant did not appear to be under the influence of drugs or alcohol. At the beginning of the audio-recorded interview, appellant acknowledged that he

---

[2] Jackson v. Denno, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

[3] Although appellant emphasizes in his brief the fact that he was 17 years old at the time of the crimes, no mention of his age was made by either party during the Jackson-Denno hearing.

3

had been read his rights, that he understood his rights, and that he wanted to speak with the officers. Appellant never asked for a lawyer and never invoked his right to silence. The investigators never promised appellant anything or threatened him in any way. The interview concluded at approximately 10:12 a.m.

Under these circumstances, we cannot conclude that the trial court's decision to admit appellant's custodial statement was erroneous. See Green v. State, 282 Ga. 672 (2) (653 SE2d 23) (2007) (custodial statement made by youth one month shy of his seventeenth birthday upheld as voluntary). Accordingly, appellant's appeal cannot be sustained.

Judgment affirmed. All the Justices concur.


Decided May 11, 2015.

Murder. Richmond Superior Court. Before Judge Brown.

James C. Bonner, Jr., Tyler R. Conklin, for appellant.

Ashley Wright, District Attorney, Madonna M. Little, Joshua B. Smith, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B.

4

Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vicki S. Bass, Assistant Attorney General, for appellee.